IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARK CHRISTOPHER SCHMADER**
           Petitioner,

      v.                                                                    No. 07-cv-1018 MV/LCS

**RON TORRES, et al.,**
           Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mark Schmader's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed October 5, 2007 (Doc. 1). Mr. Schmader attacks the Judgment and Sentence in the Second Judicial District, Bernalillo County, State of New Mexico entered September 26, 2006. (Doc 15, Ex. A). Respondents seek dismissal, asserting that Mr. Schmader has failed to exhaust his remedies. (Doc. 15). The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds that Mr. Schmader has not exhausted his remedies and therefore recommends that his Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice.

### I.  PROCEDURAL HISTORY

On July 31, 2006, Mr. Schmader pled guilty to a charge of trafficking by distribution, a second-degree felony, and admitted to being a habitual offender with one prior felony conviction. (Doc. 15, Exs. B, C)**.** On September 26, 2006, Petitioner was sentenced to a term of nine (9) years, plus one (1) year of habitual time. *Id*. Nine (9) years were suspended, for an actual term of one (1) year to be served in the Community Custody Program and a two (2) year parole was ordered. *Id.* Petitioner did not file a direct appeal. (Doc. 1 at 3).

On March 2, 2007, a Motion to Revoke Probation was filed after Petitioner was arrested on additional trafficking charges on January 10, 2007. (Doc. 15, Ex. J)  Petitioner is being held in the Bernalillo Country Metropolitan Detention Center awaiting his probation violation hearing, which was partially heard on December 11, 2007. (Doc. 15).  After the state district court reviews the transcripts of the original plea hearing, the probation violation hearing will resume. *Id.*

Petitioner alleges he attempted to file his first state habeas corpus petition in late May 2007 (Doc. 20 at 2), and after a series of unsuccessful attempts, Petitioner filed a petition for Writ of Habeas Corpus in the United States District Court on October 5, 2007 (Doc. 1).  In his Motion for 2254 Relief, Petitioner raises the following claims: (1) his guilty plea was unlawfully induced, (2) the guilty plea was entered under duress and a belief that the state district judge would rule against Petitioner's suppression motion, (3) the state district court judge was biased, (4) the evidence was the result of an illegal search and seizure, (5) the arresting offers lacked probable cause, and (6) Petitioner's counsel was ineffective. (Doc. 1).

**II. STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Mr. Schmader's application.  28 U.S.C. § 2254(d).   Under the AEDPA, the appropriate standard of review for a particular claim is determined by the state courts' treatment of that claim.  *Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006).  If a state court has not addressed a claim on the merits, *de novo* review is appropriate.  *Id*.  But if a state court has addressed a claim on the merits, a federal court may not grant an application for a writ of habeas corpus unless the state decision was (1) "contrary to" or an "unreasonable application" of

2

"clearly established" federal law, as determined by the Supreme Court, or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." 28 U.S.C. § 2254(d).

At this time, it appears the state court has not ruled on Petitioner's petition, either on the merits or otherwise.[1]

**III. ANALYSIS**

Generally, a Petitioner for Habeas Corpus relief is required to exhaust his state judicial remedies before attempting to file in federal court. *See e.g. Picard v. Connor*, 404 U.S. 270 (1971), *Nelson v. George*, 399 U.S. 224, 229 (1970); *Irvin v. Dowd*, 359 U.S. 394, 404-405 (1959). A policy of comity is reflected in the exhaustion requirement, allowing the State the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (quoting *Wilwording v Swenson*, 404 U.S. 249, 250 (1971)). As the Court in *Darr v. Burford* held, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950) (overruled in other respects).

Section 2254(b) of the United States Code states that:

> "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that

---

[1] Although it remains unclear whether Petitioner successfully filed a state habeas corpus petition, it is clear that the state court has never ruled on his alleged state habeas petition. In his Answer to Respondent's Motion to Dismiss, filed February 20, 2008, Petitioner states "[t]o date Judge Martinez has made no ruling and no other hearings are scheduled. It has been almost four months since Judge Martinez first received Petitioner's Write of Habeas Corpus Petition and almost nine months since he first tried to file in state court." (Doc. 20)

>there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

28 U.S.C. § 2254(b) (emphasis added).

At the time Petitioner filed his Writ of Habeas Corpus with the United States District Court, he had not exhausted his State judicial remedies.  Petitioner alleges he made many attempts to file a state habeas corpus petition.  (Doc. 20).  He alleges the first was made in late May 2007 and was "rebuffed by the Metro Detention Center's Mail Room Clerk . . .who refused to mail Petitioner's Writ of Habeas Corpus on the pretext there was insufficient postage and a homemade envelope." *Id.*   After a third attempt to file the first petition, Petitioner asserts it "simply disappeared." *Id*.  Petitioner further alleges that he had to rewrite his petition and that the attempt to file the second petition was "frustrated by the Second Judicial District Court Clerk . . . claiming there was no original signature." *Id.*  Petitioner alleges that he was again forced to rewrite his entire petition and subsequently filed it with the United States District Court on October 5, 2007, four months after his first attempt. *Id*.

In *Jones v. Crouse*, the Court held that if the state has not discriminated against the petitioner in the process of his appeal, if the state has not denied him due process, and if special circumstances do not require immediate federal intervention, the petition should be dismissed for failure to exhaust state remedies. *Jones v. Crouse*, 360 F.2d 157, 158 (10th Cir. 1966).

The Court in *Harris v. Champion* concluded that if a direct criminal appeal has been pending for more than two years, there is a rebuttable presumption that the State's process is not effective and that the Petitioner does not need to exhaust his state remedies. *Harris v. Champion*, 15 F.3d 1538, 1546 (10th Cir. 1994).  However, there may be circumstances where exhaustion may not be excused even after a delay of two years, or of less than two years when

4

*the length of the sentence is considered or "where there is a massive breakdown in the procedural development of the appeal." Id.* (emphasis added). In considering whether delays in the appeals process give rise to independent due process violations, the Court applied the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). The test examines (1) the length of the delay, (2) the reason for the delay, (3) whether the petitioner asserted his or her right to a timely appeal, and (4) whether the petitioner experienced any prejudice as a result of excessive delay.

      Taking into consideration the *Wingo* test, there was only a five (5) month period between Petitioner's first *attempt* to file in state court and his filing in federal court . Although Petitioner alleges that the State has denied him an opportunity to exhaust his state remedies, it appears that the first two petitions were rejected through Petitioner's own fault, namely the lack of necessary postage, and the lack of a necessary original signature on the petition. As for this third petition, Petitioner is currently awaiting the resumption of his probation hearing, which has been postponed until the state district court reviews the transcripts of the original plea hearings. (Doc. 15 at 4). There is no indication that the State has been prejudiced against Petitioner in his filings, and there has been no allegation of special circumstances that would warrant prompt federal intervention. Furthermore, the outcome of Petitioner's probation hearing is still pending. Therefore, there does not appear to be any cognizable due process violation and Petitioner's federal habeas corpus petition should be denied so that he may exhaust his remedies in state court.

**IV. RECOMMENDATION**

It is hereby recommended that Petitioner's Petition for Writ of Habeas Corpus (Doc.1) be **DISMISSED** without prejudice to Petitioner's right to re-file the motion when he has exhausted his state judicial remedies.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(c). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE